# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 2:15-CR-170-DBH** |
| | ) | |
| **LONNIE BALL,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## DECISION AND ORDER ON MOTION FOR COMPASSIONATE RELEASE

I sentenced Lonnie Ball on May 5, 2016, to 96 months in prison for being a felon in possession of a weapon after previous convictions for a crime of violence and a controlled substance offense. Judgment (ECF No. 37); see PSR ¶¶ 33, 35. Ball, now imprisoned at FCI Allenwood Medium, has filed a motion for compassionate release referring to COVID-19, his being a former smoker, and family matters (deaths and sickness of friends and family members from 2017-2019, not related to COVID-19). Mot. for Compassionate Release (ECF No. 53).[1] The BOP reports that FCI Allenwood Medium currently has 4 inmates and no staff positive for COVID-19 and 560 inmates and 49 staff who have recovered. See BOP, COVID-19 Cases, Federal Bureau of Prisons (last updated Feb. 10, 2021), https://www.bop.gov/coronavirus.

---

[1] More than 30 days have passed since the Warden received Ball's request for relief. Def.'s Mot. at 6 (ECF No. 53-1); see 18 U.S.C. § 3582(c)(1)(A).

As amended by the First Step Act, the so-called compassionate release provision allows a judge, without a BOP motion, to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction."   18 U.S.C. § 3582(c)(1)(A)(i).   I follow the four Circuit precedents holding that Guideline policy statement 1B1.13, which preceded Congress's First Step Act amendment of section 3582, applies only to motions brought by the Director of the Bureau of Prisons (which before the amendment had exclusive power to bring such motions).   Those Circuits have ruled that by its clear language the policy statement does *not* apply to defendants' motions for relief, and that on defendants' motions, nothing limits judges' discretion in considering "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."   United States v. Brooker, 976 F.3d 228, 235-37 (2d Cir. 2020); accord United States v. McCoy, 981 F.3d 271, 281-83 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1108-11 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020).   Only the Eleventh Circuit seems to disagree.   See United States v. Monaco, 832 F. App'x 626, 628-29 (11th Cir. 2020) (per curiam) (applying 1B1.13 without analyzing the issue).[2]   I proceed therefore to assess whether Ball has

---

[2] The Fifth Circuit applied the Guideline policy statement in United States v. Bell, 823 F. App'x 283, 284 (5th Cir. 2020) (per curiam), but later announced that it was "an open question" whether the policy statement applies, United States v. Gowdy, 832 F. App'x 325, 327 & n.4 (5th Cir. 2020).  The First Circuit has not addressed the issue directly, but it did recognize the use of other factors in United States v. Fox, No. 19-1785 (1st Cir. July 23, 2020) ("the district court did consider other relevant circumstances not specifically enumerated in the guidelines") aff'g No. 2:14-cr-03-DBH, 2019 WL 3046086 (D. Me. July 11, 2019).

presented "extraordinary and compelling reasons" for me to order his early release.

In support of his motion, Ball has attached data about the calculation of his prison time and records of the classes he has taken in prison.  Def.'s Mot. (ECF Nos. 53-1, 53-2).  He is projected for release on June 28, 2022, and is eligible for home detention on December 28, 2021.  Id. at 1 (ECF No. 53-1).  He says in his motion that he "smoked from the age of 11 to my incarceration at 27."  He has been detained in state and federal custody since mid-2015 (i.e., before his sentencing).  PSR Face Sheet and ¶¶ 1, 62.  I take judicial notice that smoking is not permitted in federal prison, where he has been detained since I sentenced him in mid-2016.  See 28 C.F.R. § 551.162 (effective Jan. 7, 2015) (prohibiting smoking in and on BOP grounds with limited exceptions for staff and visitors and for inmate religious activity).  Thus, he has not smoked for 4-1/2 years (maybe longer if his state custody also prevented smoking).

According to the CDC's website dealing with the coronavirus, "Being a current or former cigarette smoker increases your risk of severe illness from COVID-19."  People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 3, 2021).  But I am not prepared to conclude that every former smoker meets the extraordinary and compelling reasons standard, and Ball has furnished no evidence of breathing or lung difficulties while in prison.

Under these circumstances, Ball's smoking history in the presence of COVID-19 and his family circumstances do not rise to the level of "extraordinary and compelling reasons" that would justify compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I therefore **DENY** his motion for compassionate release.

**SO ORDERED.**

**DATED THIS 11TH DAY OF FEBRUARY, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**